THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDERS TRON-HAUKEBO,<br><br>             Plaintiff,<br><br>   v.<br><br>THE STATE OF WASHINGTON, *et al.*,<br><br>            Defendants. | CASE NO. C24-1935-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On December 12, 2024, the Honorable Brian A. Tsuchida, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 7 at 1.) The Court also recommended that Plaintiff's complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. (*Id.*) Plaintiff later filed an amended complaint. (Dkt. No. 9.) Summons has not yet issued.

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *See Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

1       Plaintiff submits that he is unable, under Washington state law, to terminate a protective
2 order against him that he claims was based on factual inaccuracies. (Dkt. No. 9 at 4–6.) He
3 claims that RCW 7.105.500 does not permit a reviewing court to terminate an order based on
4 falsity. (Dkt. No. 9 at 5.) Plaintiff therefore submits that the law is unconstitutional because it
5 violates his due process rights. (*Id.* at 7.) The law permits modification or termination of a
6 protective order based on a "substantial change in circumstance." RCW 7.105.500(1), (3). While
7 factual matters are not explicitly enumerated as a relevant factor, the law broadly authorizes the
8 court to consider "[o]ther factors." *Id.* at (4)(h). By its terms, the law includes the issues that
9 Plaintiff raises. Plaintiff does not present a cognizable legal theory.

10       Plaintiff further alleges that Snohomish County "failed to schedule the appropriate
11 hearing" after he requested one, but he does not allege *why* it was not scheduled. (Dkt. No. 9 at
12 5.) His amended complaint only alleges his interpretation of the law, not any facts that show he
13 was harmed by another entity's interpretation. Plaintiff does not plead sufficient facts. Thus,
14 Plaintiff has failed to state a claim on which relief may be granted.

15       However, when dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs
16 leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be
17 cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, it is
18 conceivable that Plaintiff could adequately plead that some entity interprets RCW 7.105.500 as
19 he describes. For this reason, the Court finds that leave to amend is warranted.

20       Based on the foregoing, Plaintiff is ORDERED to show cause why this action should not
21 be dismissed. Plaintiff may do so by filing an amended complaint within thirty (30) days of the
22 issuance of this order that establishes a claim on which relief may be granted. If, in the amended
23 complaint, Plaintiff fails to state a cognizable legal theory or facts to support that theory, the
24 complaint (Dkt. No. 9) will be dismissed for failure to state a claim pursuant to 28 U.S.C. §
25 1915(e)(2).
26       The Clerk is DIRECTED to mail a copy of this order to Plaintiff and to re-note Plaintiff's

motion for service of summons and complaint (Dkt. No. 10) to March 10, 2025.

DATED this 7th day of February 2025.

<u>Ravi Subramanian</u><br>
Clerk of Court<br><br>
<u>s/Kathleen Albert</u><br>
Deputy Clerk