THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDERS TRON-HAUKEBO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C24-1935-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's amended complaint (Dkt. No. 20). In an order to show cause, the Court described the pleading infirmities of Plaintiff's *in forma pauperis* complaint and granted him leave to amend within 30 days. (Dkt. No. 13 at 2.) Plaintiff timely filed his amended complaint 25 days later. (*See* Dkt. No. 20 at 6.) Having thoroughly considered the submissions and the relevant record, the Court hereby DISMISSES the complaint (Dkt. No. 20) for the reasons described below.

As the Court explained in its prior order addressing Plaintiff's original complaint, (Dkt. No. 13 at 1), the Court must dismiss a complaint filed *in forma pauperis* if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint may fail to state a claim if it either lacks a cognizable legal theory or sufficient factual allegations. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To be sufficient, a complaint must allege facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556

ORDER
C24-1935-JCC
PAGE - 1

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even after amending his complaint, Plaintiff still does not state a cognizable legal theory or sufficient facts to support his claims. Plaintiff maintains that he is subject to a protective order and a statute, RCW 7.105.500, that is facially unconstitutional. (Dkt. No. 20 at 5.) He claims the order against him was based on fraud but that he cannot challenge it because "there is no provision in the law allowing a termination on the basis that the petition [for a protective order] was fraudulently obtained." (*Id.* at 4.) These submissions fail to cure the deficiencies previously identified.

Legally, the statute permits termination of protective orders based on a "substantial change in circumstance" and plainly allows a court to consider "[o]ther factors." RCW 7.105.500(1), (3), (4)(h). This catchall, on its face, includes fraud. And factually, Plaintiff does not allege that the statute was so interpreted against him. He alleges he was denied a termination hearing, (Dkt. No. 20 at 5), but he does not allege that it was denied *because* the statute forbids consideration of fraud. (*See generally id.*) All that leaves is an abstract assertion inconsistent with the statute's text. Therefore, Plaintiff's complaint is not supported by a cognizable legal theory or a sufficient factual basis, and he has failed to state a claim.

In the amended complaint, Plaintiff now adds a claim that his Second Amendment rights were violated because he was denied a concealed pistol license under the protective order and RCW 7.105.305. (*See* Dkt. No. 20 at 4–5) (citing *United States v. Rahimi*, 602 U.S. 680 (2024)). But that claim has already been rejected. *See Tron-Haukebo v. Clallam Cnty.*, 2024 WL 5186906, slip op. at 3 (W.D. Wash. 2024). Such accusations, imported from a separate and closed matter, are no more viable here than there. Therefore, Plaintiff still fails to state a claim.

Accordingly, and under 28 U.S.C. § 1915(e)(2), Plaintiff's complaint (Dkt. No. 20) is DISMISSED without prejudice. Plaintiff's motions to amend complaint (Dkt. No. 21) and for

1   service (Dkt. Nos. 10, 17), along with Defendant's motion to dismiss (Dkt. No. 22) are DENIED
2   as moot.

4         DATED this 2nd day of April 2025.

                                            John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE